UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-113–1-F
No. 4:11-CR-113–2-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KEITH FRAZIER, | ) | |
| DEONTAYE TREVON PARRISH | ) | |
| Defendants. | ) | |

The defendants, who have filed Motions to Sever and to Suppress [DE-73 and -76, respectively; DE-79], are scheduled for trial during this court's July 2, 2012, term of court; a third defendant, Kevin Frazier (charged only in Counts Three and Four), entered a straight-up guilty plea on May 14, 2012. An evidentiary hearing on the pending motions was scheduled for June 20, 2012, but has been canceled.

The Government has filed Responses [DE-82 and -83, respectively] to the defendants' motions, arguing that: (1) joinder is proper, and severance is not appropriate because the two robberies constitute a single episode or transaction or series of transactions; and (2) suppression is inappropriate because the personal property at issue – Keith Frazier's ("Frazier") cell phone – physically was located in Beaufort County when searched pursuant to a warrant issued by a Beaufort County magistrate.[1]

---

[1] Frazier contends the search warrant is defective because it was issued by a Beaufort County magistrate but was served and/or executed in Pitt County. Parrish has joined the motion to suppress, but it is not apparent whether the Government will seek to admit evidence concerning the cell phone as against Parrish and, if it does, how Parrish would establish standing to mount a Fourth Amendment challenge.

Frazier is charged with all four offenses in an indictment alleging two armed robberies in adjoining North Carolina counties that occurred about a month apart. Count One charges that Frazier and Parrish robbed a Wal-Mart in Beaufort County, North Carolina, in February 2011, and aided and abetted the other in doing so; Count Three charges that Frazier and Kevin Frazier[2] robbed a bank in Pitt County, North Carolina, in March 2011, and aided and abetted the other in doing so. Counts Two and Four charge companion § 924(c) counts corresponding to Counts One and Three, respectively. That is, Parrish is charged only in Counts One and Two, but Frazier is charged in all four counts of the indictment.

The Government argues that these two robberies properly are joined because they constitute "the same act or transaction, . . . or the same series of acts or transactions, constituting an offense or offenses, [and that] [a]ll defendants need not be charged in each count." Response [DE-82], p. 3 (quoting FED. R. CRIM. P. 8(b)). The indictment itself, however, alleges two different substantive offenses (a Hobbs Act robbery and an armed bank robbery), occurring a month apart, with different victims of different types (Count One, a Wal-Mart; Count Two, a bank), in different cities, in different counties, involving different participants, different (but cooperating) investigating agencies, and presumably different eyewitnesses, if any. The only common factors alleged in the indictment are: (a) Keith Frazier, and (b) use or possession of a firearm during or in furtherance of a robbery.

## Motions to Sever

The Government's Response [DE-82] that "there can be no serious argument contrary to [Frazier's] assertion that he is to be tried on related charges that are of 'the same or

---

[2] Kevin Frazier has entered guilty pleas to Counts Three and Four, without benefit of a plea agreement.

2

similar character' and arise 'out of a common scheme or plan,' " *id.* at p. 3, has no apparent application to Parrish.[3] Whether and with whom Frazier committed the Pitt County bank robbery underlying Counts Three and Four is irrelevant to whether Parrish was involved in Frazier's alleged robbery a month earlier of the Beaufort County Wal-Mart as charged in Counts One and Two. The risk of undue prejudice to Parrish from evidence that Frazier allegedly participated in both robberies is too great under the circumstances presented by the facts available to the court.

Notwithstanding the Government's Responses [DE-82 and -83], the court can ascertain no fair or logical way to try both these defendants together on the particular charges as alleged in this indictment.[4] Accordingly, in its discretion, the court ALLOWS Parrish's motion to sever [DE-79] his trial on Counts One and Two from that of Frazier as to Counts One, Two, Three and Four. The Government must prosecute these defendants separately, as the court. in its discretion, finds and concludes that severance of the defendants for individual trials is necessary to avoid undue prejudice to Parrish, pursuant to Rule 14(a), FED. R. CIV. P.

To the extent Frazier's Motion to Sever [DE-73] may be deemed to seek severance of his trial on Counts One and Two from his trial on Counts Three and Four, it is DENIED. The Government's "similar acts" argument is at least colorable as to him, and severance of the counts against him is not appropriate. The absence at his individual trial of

---

[3] The charges do not include allegations of conspiracy among any of the three individuals charged in the indictment.

[4] The parties do not differentiate between severance of defendants and severance of counts, but the court perceives the defendants' positions and their relative risks of prejudice from refusal to sever to be conceptually separate.

3

Frazier's alleged respective co-defendant in the separate robberies will be explained by jury instructions, the wording of which the parties are DIRECTED to suggest.

## Motions to Suppress

The Government has not offered *any* competent evidence to support its position on the cell phone suppression motion. Neither the relevance of the cell phone to Parrish, nor his standing to challenge the search warrant, is apparent from the motions and responses filed. The court declines to schedule an evidentiary hearing solely on an issue that might be resolved by the Government's simply filing an affidavit of the appropriate witness[es], or, at most, pursuant to a hearing *in limine* prior to the trial[s].[5] The Motions to Suppress [DE-76 and DE-79] are HELD IN ABEYANCE pending additional briefing or hearing[s] *in limine*.

## SUMMARY

In summary, then, in light of the foregoing, Parrish's Motion to Sever [DE-73/DE-79] his trial from that of Frazier is ALLOWED pursuant to Rule 14(a), FED. R. CRIM. P. Frazier's Motion to Sever [DE-73] his trial on Counts One and Two from trial on Counts Three

---

[5] After scouring the record for any clue concerning the seizure and possible location of the subject cell phone, the court discovered the Affidavit of Detective Brian P. Gillen of the Greenville, North Carolina, Police Department, in support of the Criminal Complaint [DE-1] issued herein on October 12, 2011. *See* Complaint [DE-1], Attachment. The Complaint [DE-1] against Keith Edward Frazier only, concerned only the armed bank robbery that occurred on March 7, 2011, in Pitt County. The Complaint is not referred to in the Government's Response, and it does not concern Parrish in any way.

Gillen's Affidavit mentions that Frazier's cell phone had been seized "*in Washington* on unrelated charges" on March 31, 2011," *id.* p. 3 (emphasis added), and that a state search warrant was obtained on April 4, 2011, pursuant to which officers viewed photographs on the cell phone that they believed implicated Frazier in the March 7, 2011, bank robbery in Pitt County. Again, nothing in this affidavit refers to the alleged Wal-Mart robbery in Washington, or to any identified accomplice in the bank robbery.

4

and Four against him is DENIED. Parrish's trial on Counts One and Two will be separate from Frazier's trial on Counts One, Two, Three and Four.

The defendants' Motion to Suppress evidence related to the search of Frazier's cell phone is HELD IN ABEYANCE until such time, if any, as the Government produces competent evidence demonstrating the legality of that warrant and search pursuant thereto, as to *each defendant* against whom it intends to introduce *any* evidence of the search itself and/or the fruits thereof. The Government's failure to do so before selection of the trial juries will result in the court's granting the motions to suppress.

Parrish's Motion to Continue Arraignment [DE-78], is allowed. The Clerk of Court is DIRECTED to reschedule and notice Parrish's trial as described herein, during this court's **September 4, 2012**, term of court. The court finds that the ends of justice served by the granting of this continuance outweigh the interest of the public and the defendant in a speedy trial. The period of delay necessitated by this continuance is EXCLUDED from calculation of Parrish's speedy trial time, pursuant to 18 U.S.C. § 3161(h)(1)(7)(A).

This trial was set for the July 2, 2012, term of court by order dated May 15, 2012. *See* Order [DE-69]. The Government filed a motion [DE-87] yesterday – June 18, 2012 – seeking to continue the arraignment and trial of both these cases and to extend the time within which the Government may respond to the defendants' pretrial motions. Assistant United States Attorney John Bennett explains that a continuance is necessary because he "is scheduled to be on leave beginning July 3, 2012, and out of the country from July 4 through July 15, 2012. Arrangements are complete for this period of leave, including the purchase of airline tickets. The undersigned will also be out of state the week of July 23, 2012." Motion [DE-87] at p.2. Mr. Bennett further explains that neither defense counsel objects to a continuance until

September, 2012. *See id.* Mr. Bennett did not, however, identify the provision in the federal Speedy Trial Act, 18 U.S.C. § 3161, that authorizes his motion to continue these trials to accommodate his vacation schedule, notwithstanding the consent of either or both defense counsel, and the court has been unable to locate one.

The Government's Motion to Continue [DE-87] is DENIED as to the trial of Keith Frazier. Frazier's arraignment remains scheduled for 10:00 a.m. on **July 2, 2012.** There are two trials scheduled for the July 2, 2012, term of court. Jury selection for both trials will begin at **10:00 a.m.** on **Monday, July 9, 2012.** The Keith Frazier's trial will commence as soon as the jury in the *Fanelly* [6] case begins deliberation.

This court already has entered an order allowing Frazier's new Second Motion for Extension of Time to File Additional Pre-Trial Motions [DE-85]. The Government may respond to any additional motions on or before **July 6, 2012**. Frazier's First Motion to Continue Suppression Hearing [DE-86] is DENIED as MOOT.

SO ORDERED.

This, the 19th day of June, 2012.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge

---

[6] *United States v. Michael Fanelly*, No. 7:12-CR-31-1-F.

6