UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-113-1-F
No. 4:11-CR-113-2-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KEITH EDWARD FRAZIER, | ) | |
| DEONTAYE TREVON PARRISH | ) | |
| Defendants. | ) | |

By order [DE-89] of June 19, 2012, the undersigned addressed, *inter alia*, Keith Edward Frazier's ("Frazier") and Deontaye Trevon Parrish's ("Parrish") respective motions to sever. The single indictment returned in this case alleges a February 2, 2011, Hobbs Act robbery of a Wal-Mart store in Washington, North Carolina, and a March 7, 2011, armed bank robbery of the First State Bank in Greenville, North Carolina, as well as separate § 924(c) counts attached to each robbery.

Frazier is charged in Count One with the February 2, 2011, Hobbs Act robbery of a Wal-Mart in Washington, North Carolina, and in Count Two with an accompanying § 924(c) offense; he is charged in Count Three with the March 7, 2011, armed robbery of the First State Bank, in Greenville, North Carolina, and in Count Four with an accompanying § 924(c) offense. Deontaye Trevon Parrish is charged as Frazier's accomplice in the Wal-Mart Hobbs Act/§ 924(c) robbery offenses alleged in Counts One and Two. A third co-defendant, Kevin Trevon Parrish, was charged with the bank robbery/§ 924(c) offenses alleged in Counts Three and Four, as Keith

Frazier's accomplice. Kevin Trevon Parrish has pled guilty, "straight up" to Counts Three and Four and already has been sentenced.

The June 2012, Order [DE-89], denied Frazier's motion to sever [DE-73] the trial of Counts One and Two (Wal-Mart robbery) from trial on Counts Three and Four (First State Bank robbery). However, the court allowed Parrish's motion to sever [DE-79] (adopting Frazier's motions) Parrish's trial on Counts One and Two from Frazier's trial on all four counts of the indictment. The court deemed that "[t]he risk of undue prejudice to Parrish from evidence that Frazier allegedly participated in both robberies is too great under the circumstances presented by the facts [then] available to the court." Order [DE-89], p. 3. As a result, Frazier's trial on Counts One through Four (both robberies) was scheduled in mid-August, see Order [DE-108] for the court's October 1, 2012, term, and Parrish's separate trial on Counts One and Two (Wal-Mart robbery) was scheduled for the November 5, 2012, term of court.

At his arraignment on the morning of October 2, 2012, Frazier entered pleas of "not guilty" to Counts One and Two as expected, but entered unanticipated, straight-up "guilty" pleas to Counts Three and Four. The Assistant United States Attorney ("AUSA") assigned to this case, John Bennett, was not present during arraignment; the Government was represented by a different AUSA from that office. Later that afternoon, AUSA Bennett filed the "Government's Motion for Joinder and Emergency Motion to Continue" [DE-132], seeking an order re-joining Frazier and Parrish for trial, and continuing the joint trial until this court's November 5, 2012, term of court.

In support of his emergency motion to continue and presumably to avoid expiration of Frazier's speedy trial time (currently, October 26, 2012), AUSA Bennett contends that an "essential" Government witness is confined to bed rest in Texas, as she is "due to give birth shortly." In a follow-up Supplement [DE-134], AUSA Bennett did not indicate when he discovered that his essential witness would be "due to give birth shortly" during the week in which this trial has been scheduled. For federal statutory speedy trial purposes, in order to exclude a period of delay resulting from the absence or unavailability of an essential witness,

> (B) [A]n essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension . . ., or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, . . . an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3)(B).

The court is unable to find that the Government exercised due diligence by discovering, only during the week of the published trial date, that an essential witness is due to have a baby in Texas "at any moment." The Government's desire not to try this case more than once, together with its purported surprise by the emergency of its "essential witness" having a baby due during the very week in which trial is scheduled, are factors outweighed by the defendants' constitutional and statutory rights to a speedy trial and effective assistance of counsel.

3

Case 4:11-cr-00113-F  Document 136  Filed 10/03/12  Page 3 of 5

Additionally AUSA Bennett suggests that Parrish's Bruton[1] concern about an alleged statement made by Frazier to a third party implicating Parrish can be alleviated by simple redaction. He has not suggested, however, what words he would remove in order to eliminate the prejudice to Parrish yet allow the statement to retain its probity against Frazier. According to Parrish, the statement is:

> [Unnamed witness] said that Keith told him that Deontaye Parrish was waiting in the bathroom at Walmart on the night of the robbery while Keith was walking around. Keith then called Deontaye and told him that the clerks were leaving with the money. Deontaye then emerged from the bathroom with a gun and robbed them.

In light of this court's understanding of the Government's evidence concerning the Wal-Mart robbery case, at least two people were involved. Elimination of any reference to a second person from the above-quoted statement would render it nonsensical and perhaps inconsistent with observations of alleged eyewitnesses.

Counsel for Parrish also notes that he has conducted his pre-trial investigation and trial preparations to date on the understanding, pursuant to the June 19, 2012, order of this court, [DE-89] that Parrish's trial would be separate from that of Frazier. Certainly, affording an attorney a one-month notice to retool his defense for a suddenly "un-severed" trial with an apparently antagonistic co-defendant stretches the limits of notice and fairness, under these unique circumstances.

---

[1] Bruton v. United States, 391 U.S. 123 (1968).

4

The court has carefully considered the particular circumstances giving rise to the Government's motion to re-join and to continue, the timing thereof, the best interests of justice, and the defendants' and the public's interest in a speedy trial and preservation of defendants' constitutional rights. The Government's motion to re-join [DE-132.1] these defendants for a joint trial as to Counts One and Two of the Indictment is DENIED. The Government's emergency motion to continue [DE-132.2] Frazier's trial also is DENIED. Jury selection for Frazier's trial will begin, as scheduled, on Friday, October 5, 2012, at 10:00 a.m. Parrish's separate trial remains scheduled for the court's November 5, 2012, term of court.

SO ORDERED.

This, the 3rd day of October, 2012.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge