UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-113-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH EDWARD FRAZIER | ) | |
| Defendant. | ) | |

After he was acquitted of the Hobbs Act robbery and associated gun charge alleged in Counts One and Two of the Indictment, Keith Edward Frazier moved to withdraw his plea of guilty to Count Four that had been accepted by the court prior to trial. See Motion [DE-154]. Frazier contends, though counsel, that he believes it is in his best interest to withdraw the guilty plea in which he admitted under oath facts supporting the charge in Count Four of using or carrying a firearm during and in relation to a crime of violence, or possession in furtherance thereof, and aiding and abetting, in violation of 18 U.S.C. § 924(c) and § 2. See id., p. 1.

Keith Frazier ("Frazier"), Deontaye Parrish and Kevin Frazier were charged in a single indictment returned on November 8, 2011, that alleged the commission of two armed robberies in early 2011. Frazier and Parrish both were charged in Count One with aiding and abetting each other in the armed robbery of a WalMart store in Washington, North Carolina, on February 2, 2011; Count Two charged them with aiding and abetting each other in using and carrying a firearm during or in relation to that crime of violence, in violation of 18 U.S.C. § 924(c). Counts Three and Four charged Frazier and Kevin Frazier with the armed robbery of the FirstSouth Bank in Greenville, North Carolina, a month later, together with an associated § 924(c) and § 2 aiding and abetting charge. Kevin Frazier pled guilty, "straight up," to his

involvement in the bank robbery and § 924(c) offenses charged in Counts Three and Four, and was sentenced on September 6, 2012, to a term of 130 months imprisonment. See Judgment [DE-121]. The court allowed Deontaye Parrish's motion to sever his trial on Counts One and Two from Frazier's trial on all four counts for both robberies and gun charges. See Order [DE-89].

Frazier's arraignment occurred on October 2, 2012, and it was anticipated that he would enter "not guilty" pleas as to all four counts. Although Frazier did plead "not guilty" as to the WalMart robbery crimes charged in Counts One and Two, he unexpectedly entered "straight up" guilty pleas to the bank robbery and firearm charges in Counts Three and Four. See [DE-131]. Before selection of the trial jury on the morning of October 5, 2012, the court re-arraigned Frazier on all four counts, completing the Rule 11 colloquy with Frazier as to Counts Three and Four, accepting his guilty pleas on those counts, and setting a sentencing date. See [DE-139]. A jury was selected for Frazier's trial on Counts One and Two, and after hearing all the evidence presented, it acquitted Frazier on both those counts. See [DE-150, -152, -153].

Eleven days after his acquittal on Counts One and Two, Frazier filed his motion to withdraw [DE-154] his guilty plea to the § 924(c) violation charged in Count Four. His motion declares that he "believes it is in his best interest to withdraw his original guilty plea insofar as there was insufficient proof in the case that he in fact used, or aided and abetted the use of, a firearm," and that he seeks to proceed to trial. Id.

As the Government's Memorandum [DE-155] in opposition to the instant motion correctly relates, prior to accepting Frazier's plea of guilty to Counts Three and Four, Frazier was carefully and thoroughly questioned under oath as required by Rule 11, Federal Rules of Criminal Procedure. Frazier confirmed that he was entering his guilty plea voluntarily, and that he fully understood his rights and the potential consequences of his plea. Frazier stated he understood that his guilty plea to Counts Three and Four was final, and he admitted the facts

2

underlying the charges, acknowledging that he was, in fact, guilty of those offenses. Based on Frazier's sworn answers to the court's questions, the court accepted his guilty pleas and adjudged him guilty of Counts Three and Four. See [DE-131].

The Government's Memorandum also correctly analyzes the appropriate inquiries for determining the propriety of allowing withdrawal of a guilty plea, see Memorandum [DE-155], and the court need not reiterate it herein. Frazier's specific expressed basis for the relief he seeks is that "there was insufficient proof in the case that he in fact used, or aided and abetted the use of, a firearm." Frazier is mistaken. The factual basis for his guilty plea is his admission, under oath in open court, that he committed acts satisfying the elements of using or carrying a firearm during or in relation to a crime of violence or possessing a firearm in furtherance thereof, or aiding and abetting another in doing so, and that he is, in fact, guilty of a violation of § 924(c) and § 2, as charged in Count Four. Because of his admission under oath, the factual basis for the plea – which the court found to be knowing and voluntary – was established and the Government was not required to produce evidence in addition thereto.

In short, the court finds that Frazier has failed to satisfy the factors articulated by the Fourth Circuit Court of Appeals in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). See also Memorandum [DE-155]. Consequently, Frazier's Motion to Withdraw [DE-154] his guilty plea to Count Four of the indictment herein is DENIED.

SO ORDERED.

This, the 29th day of October, 2012.

_____
JAMES C. FOX
Senior United States District Judge