UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00113-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH EDWARD FRAZIER, | ) | |
|     Defendant. | ) | |

This matter is before the court on Keith Edward Frazier's third motion [DE-183] to withdraw his guilty plea. On October 2, 2012, Frazier was arraigned on Counts One through Four. He pled "not guilty" to Counts One and Two and entered "straight up" guilty pleas to Counts Three and Four. *See* [DE-131]. Before jury selection on the morning of October 5, 2012, the court re-arraigned Frazier on all four counts. *See* [DE-139]. Frazier was acquitted at trial on Counts One and Two. *See* [DE-150, 152, 153].

In his first motion to set aside his guilty plea, Frazier sought to withdraw his guilty plea as to Count Four because the plea lacked a sufficient factual basis. *See* [DE-154]. That motion was denied because Frazier admitted, under oath, the factual basis for the conviction. *See* Order [DE-156]. In his second motion [DE-169], Frazier sought to withdraw his plea on the basis that although the Indictment alleges he robbed the First South Bank branch at 907 Firetower Road, *Greenville*, North Carolina, according to a website page Frazier printed and attached to his motion, the bank is located in *Winterville*, North Carolina. That motion, too, was denied as meritless. *See* Order [DE-171].

In his instant motion to withdraw his guilty plea, Frazier argues that he received several

promises which made him feel forced into pleading guilty to a crime he did not commit. Specifically, he asserts that his counsel promised him that he would receive a three point reduction in his offense level for his acceptance of responsibility. Frazier further argues that he was promised he could maintain certain appeal rights if he did not sign a plea agreement. Frazier contends that he was promised that if he accepted the plea offered to him that he would get back to his children sooner than if he elected to proceed to trial and lost. Finally, Frazier argues that the court had knowledge that a three point reduction in his sentence and a lesser sentence were promised to him without a plea agreement, and as such, the court did not ensure that his plea was voluntary.

In determining whether a defendant has met his burden to withdraw his plea of guilty after a Rule 11 hearing, the court considers the following factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant credibly has asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the United States; and (6) whether it would inconvenience the court and waste judicial resources. *United States v. Moore,* 931 F.2d 245, 248 (4th Cir.1991); *United States v. Hebron,* 442 Fed. Appx. 887, 891 (4th Cir. 2011).

Frazier's argument centers around the factor assessing whether his plea was knowing and voluntary. A review of the proceedings on October 5, 2012 reveals that Frazier acknowledged that he had discussed his sentence with his attorney. He further acknowledged that no one had threatened him or otherwise induced him to plead guilty. Frazier also admitted that no one had

2

Case 4:11-cr-00113-F   Document 186   Filed 02/12/13   Page 2 of 3

made any promises to him to induce him to plead guilty. The court advised Frazier that any calculation of his sentence by his attorney was only a calculation and that the actual sentence would be determined by the court. The court further advised Frazier that there were no guarantees as to what his sentence would be. The undersigned finds that the colloquy on October 5, 2012 reveals that Frazier's plea of guilty to Counts Three and Four was both knowing and voluntary.

For the foregoing reasons, the court finds that Frazier's third motion to withdraw his guilty plea [DE-183] is meritless and therefore is DENIED.

SO ORDERED.

This, the ____11th____ day of February, 2013.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge