IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00113-F-1
No. 4:15-CV-00084-F

KEITH EDWARD FRAZIER,                    )
                    Petitioner,          )
                                         )
            v.                           )          ORDER
                                         )
UNITED STATES OF AMERICA,                )
                    Respondent.          )

This matter is before the court on the Government's Motion to Dismiss [DE-282] Keith

Edward Frazier's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 [DE-275]. The issues have been fully briefed, and the matter is now ripe for

ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and

Frazier's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On November 8, 2011, Frazier was charged in each count of a four-count indictment. *See*

Indictment [DE-13]. In Count One, Frazier was charged with interference with commerce by

robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2. Count Two charged

Frazier with using or carrying a firearm during and in relation to a crime of violence and aiding

and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. In Count Three, Frazier was

charged with armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a),

2113(d), and 2. Count Four charged Frazier with using and carrying a firearm during and in

relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)

and 2.

At Frazier's arraignment, held on October 2, 2012, he pled guilty to Counts Three and Four without a written plea agreement and entered a not guilty plea as to Counts One and Two. Following a two-day jury trial on Counts One and Two, Frazier was found not guilty. Frazier unsuccessfully moved to withdraw his guilty plea three times [DE-154, -169, -183].

Frazier's sentencing was held on May 14, 2013. Frazier was sentenced to 64 months' imprisonment on Count Three and 84 months' imprisonment on Count Four, to be served consecutively. *See* Judgment [DE-207].

On May 14, 2013, Frazier filed a Notice of Appeal [DE-204]. In an unpublished opinion [DE-236], the Fourth Circuit Court of Appeals affirmed in part, vacated in part, and remanded. The Fourth Circuit vacated Frazier's sentence on Count Four and remanded for resentencing on that count in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt), and *United States v. Strayhorn*, 743 F.3d 917 (4th Cir. 2014) (applying *Alleyne* to sentencing enhancement for brandishing under § 924(c)(1)(A)(ii)).

On remand, Frazier was sentenced to 60 months on Count Three and 60 months on Count Four. *See* Amended Judgment [DE-258]. The sentences were to be served consecutively, for a total sentence of 120 months.

On September 9, 2014, Frazier filed a Notice of Appeal [DE-259]. The Fourth Circuit granted Frazier's motion to voluntarily dismiss his appeal on February 4, 2015.

On May 29, 2015, Frazier filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-275]. In his § 2255 motion, Frazier raises the

2

following issues: (1) his attorney provided ineffective assistance of counsel by misadvising him of the mandatory minimum statutory penalty for Count Four; (2) his attorney provided ineffective assistance of counsel by failing to file a motion to withdraw his guilty plea as to Count Four based on the Rule 11 error; (3) his attorney provided ineffective assistance of counsel by failing to object at sentencing to the Rule 11 error; (4) the prosecutor engaged in prosecutorial misconduct by submitting false sworn statements to the court; and (5) he is entitled to relief under the Cumulative Error Doctrine. On August 11, 2015, the Government filed a Motion to Dismiss [DE-282], arguing that Frazier failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Frazier has failed to state a claim of ineffective assistance of counsel in his first, second, and third claims.

Frazier has raised three claims of ineffective assistance of counsel in his § 2255 motion. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Frazier's ineffective assistance of counsel claims in turn.

4

### 1. Misadvised him of mandatory minimum

In his first claim, Frazier alleges that his attorney provided ineffective assistance by misadvising him of the mandatory minimum statutory penalty for Count Four. Mem. of Law [DE-275-1] at 7-13. Specifically, Frazier contends that his attorney informed him that he was facing a mandatory minimum sentence of twenty-five years when he only faced five years. *Id.* at 7. Frazier concludes that his attorney's improper advice was a critical factor in his decision to enter a guilty plea, and if he had been advised properly, he would have chosen to go to trial on Count Four. *Id.* at 8, 12.

This claim must fail under the second prong of the *Strickland* standard. Frazier cannot establish a reasonable probability that he would have pleaded not guilty and gone to trial on Count Four. On direct appeal, the Fourth Circuit was faced with a very similar issue. The Fourth Circuit concluded that this court improperly advised Frazier as to his mandatory minimum sentence, but it was Frazier's burden to demonstrate that he would not have pleaded guilty but for the error. Unpublished Opinion [DE-236] at 5. The Fourth Circuit held as follows:

> Frazier filed three motions to withdraw his guilty plea and again challenged his guilty plea at the sentencing hearing. But Frazier never raised the Rule 11(b)(1)(I) error in the district court. Frazier pleaded guilty to Count Four when he was under the impression that he faced at least twenty-five years in prison for this offense. He cannot now credibly assert that he would not have pleaded guilty had he been informed that his sentencing exposure on Count Four was in fact as low as five years. Accordingly, we conclude that Frazier has not met his burden of showing that any error in advising him about his mandatory minimum sentencing exposure affected his substantial rights. We therefore reject his challenge to his guilty plea.

*Id.*

In light of the Fourth Circuit's holding, Frazier cannot satisfy the prejudice prong.

5

Because Frazier has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Consequently, Frazier's first claim will be dismissed.

### 2. Failed to file a motion to withdraw

Frazier alleges in his second claim that his attorney provided ineffective assistance when he failed to file a motion to withdraw his guilty plea as to Count Four in light of the Rule 11 error, as Frazier requested. Mem. of Law [DE-275-1] at 13-15.

This claim must fail under the second prong of the *Strickland* standard for lack of prejudice. As the Fourth Circuit noted,

> Frazier pleaded guilty to Count Four when he was under the impression that he faced at least twenty-five years in prison for this offense. He cannot now credibly assert that he would not have pleaded guilty had he been informed that his sentencing exposure on Count Four was in fact as low as five years.

Unpublished Opinion [DE-236] at 5.

When this court rejected Frazier's first motion to withdraw his guilty plea, this court noted that prior to accepting Frazier's guilty plea as to Counts Three and Four, Frazier was carefully and thoroughly questioned while under oath. *See* October 29, 2012 Order [DE-156] at 2. This court further notes that Frazier confirmed that he was entering his guilty plea voluntarily and that he fully understood his rights and the potential consequences of his plea. *Id.* Finally, this court observes that Frazier acknowledged that he understood the finality of his guilty plea. *Id.*

In light of the foregoing, Frazier has not demonstrated a reasonable probability that if a motion to withdraw had been filed, it would have been granted by this court. Because Frazier has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697. Accordingly, Frazier's second claim must be dismissed.

### 3. Failed to object at sentencing

In his third claim, Frazier alleges that his attorney provided ineffective assistance by failing to object at sentencing to the Rule 11 error. Mem. of Law [DE-275-1] at 16. Frazier summarily concludes that his attorney's failure to preserve this error violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. *Id.*

This claim must fail under the second prong of the *Strickland* standard because Frazier has failed to sufficiently allege prejudice. Frazier's claim that his Constitutional rights were violated is wholly conclusory. *See United States v. Terry,* 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*."). Because Frazier has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697. Consequently, Frazier's third claim will be dismissed.

### B. Frazier has procedurally defaulted his fourth claim.

Frazier alleges in his fourth claim that the prosecutor engaged in prosecutorial misconduct by submitting false sworn statements to the court. Mem. of Law [DE-275-1] at 16-18. According to Frazier, the statements came from Officers Jesse Dickinson and Jeffrey Baxter. *Id.* at 16. Frazier concludes that if these false statements had not been submitted, his motion to

7

suppress would have been granted. *Id.*

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Frazier concedes that he failed to raise his fourth claim when his case was on direct appeal. Mot. Vacate [DE-275] at 7. The court finds that Frazier has failed to allege that some objective factor external to the record prevented him from raising his fourth claim. Additionally, Frazier has not alleged that he is actually innocent. Because Frazier has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Frazier's fourth claim is procedurally defaulted and must be dismissed.

8

## C. Frazier's fifth claim of cumulative error must fail.

In his fifth claim, Frazier contends that he is entitled to relief under the Cumulative Error Doctrine. Mem. of Law [DE-275-1] at 18-21. Frazier concludes that all the errors he has raised warrant reversal of his conviction on Count Four. *Id.* at 21.

Frazier's claim that a complete review of his case should be made under the doctrine of cumulative error must fail. Such a claim has been refuted by the Fourth Circuit. *See, e.g., Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998). Moreover, this court has determined that all of Frazier's individual claims lack merit. The court holds that there can be no consideration for cumulative error. Consequently, Frazier's fifth claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-282] is ALLOWED, and Frazier's § 2255 motion [DE-275] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Frazier has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

9

SO ORDERED.

This the 2 9 day of February, 2016.

_James C. Fox_
James C. Fox
Senior United States District Judge

10