IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00113-F-1
No. 4:15-CV-00084-F

| | | |
|---|---|---|
| KEITH EDWARD FRAZIER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Keith Edward Frazier's Motion to Reconsider [DE-290] under Rule 59(e). For the reasons set forth below, Frazier's Motion to Reconsider is DENIED.

## I. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Although the rule itself does not set forth any guidelines as to when such a motion should be allowed, the Fourth Circuit has recognized three grounds for an amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 385 n.2 (4th Cir. 2010) (alteration added & citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012). A "district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.,* 547 F.3d 230, 241 n.8 (4th Cir. 2008).

## II. Discussion

**Frazier has failed to state a claim of ineffective assistance of counsel.**

In his Motion to Reconsider, Frazier contends that this court declined to address an issue raised in his § 2255 motion.[1] Mot. Reconsider [DE-290] at 1-2. Specifically, Frazier alleges that his attorney provided ineffective assistance of counsel by failing to object when the court improperly informed him that he had a mandatory minimum of twenty-five years' imprisonment on Count Four. *Id.* at 2.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[1] The court failed to address the issue because it was not properly designated as an issue. However, because Frazier is proceeding *pro se*, his pleadings will be accorded liberal construction, and the court will address the issue. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* pleadings are held to less stringent standards than formal pleadings drafted by a lawyer).

2

different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Frazier's ineffective assistance of counsel claim.

Frazier's claim must fail under the second prong of the *Strickland* standard because he cannot establish a reasonable probability that he would have pleaded not guilty and gone to trial on Count Four if his attorney had objected. On direct appeal, the Fourth Circuit Court of Appeals was faced with a very similar issue. The Fourth Circuit concluded that this court improperly advised Frazier as to his mandatory minimum sentence, but it was Frazier's burden to demonstrate that he would not have pleaded guilty but for the error. Unpublished Opinion [DE-236] at 5. The Fourth Circuit held as follows:

> Frazier filed three motions to withdraw his guilty plea and again challenged his guilty plea at the sentencing hearing. But Frazier never raised the Rule 11(b)(1)(I) error in the district court. Frazier pleaded guilty to Count Four when he was under the impression that he faced at least twenty-five years in prison for this offense. He cannot now credibly assert that he would not have pleaded guilty had he been informed that his sentencing exposure on Count Four was in fact as low as five years. Accordingly, we conclude that Frazier has not met his burden of showing that any error in advising him about his mandatory minimum sentencing exposure affected his substantial rights. We therefore reject his challenge to his guilty plea.

*Id.*

In light of the Fourth Circuit's holding, Frazier cannot satisfy the prejudice prong. Because Frazier has made an insufficient showing on the prejudice prong, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Consequently, Frazier's claim will be

dismissed.

## III. Conclusion

For the foregoing reasons, Frazier's Motion to Reconsider [DE-290] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Frazier has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 4 day of April, 2016.

James C. Fox
Senior United States District Judge

4